## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
    PLAINTIFF,

v.

                                      CIVIL ACTION
                                      No. 2:17-CV-9584

OTTO CANDIES, LLC
    DEFENDANT.

### COMPLAINT WITH JURY DEMAND

#### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Shawn McLamb ("Mr. McLamb"). As alleged with greater particularity below, Defendant Otto Candies, LLC ("Defendant") terminated Mr. McLamb because he has recurrent pancreatitis.

#### JURISDICTION & VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3).

PARTIES

3.      Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission"),

is the agency of the United States of America charged with the administration, interpretation, and

enforcement of Title I of the ADA and is expressly authorized to bring this action by the ADA,

42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant has continuously been a Louisiana limited

liability company doing business in the State of Louisiana and has continuously had at least 15

employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under the ADA, 42 U.S.C.§§ 12111(5) and (7).

6.      At all relevant times, Defendant has been a covered entity under the ADA, 42

U.S.C. § 12111(2).

ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Mr. McLamb filed a

charge with the Commission alleging that Defendant violated the ADA.

8.      On August 17, 2017, the Commission issued to Defendant a Letter of

Determination finding reasonable cause to believe that Defendant violated the ADA and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to

eliminate the unlawful employment practices and provide appropriate relief.

9.      Defendant informed the Commission that it did wish to engage in informal

methods of conciliation to endeavor to eliminate the unlawful employment practices identified in

the Letter of Determination and provide appropriate relief.

10.     On September 15, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12.     Since at least December 1, 2014, Defendant has engaged in unlawful employment practices, in violation of the ADA, 42 U.S.C. § 12112(b)(1).

13.     Mr. McLamb is a qualified individual with a disability under the ADA, 42 U.S.C. §§ 12102, 12111(8).

14.     Mr. McLamb was at all relevant times able to perform the essential functions of his position, either with or without reasonable accommodation.

15.     Mr. McLamb has an impairment, recurrent pancreatitis ("pancreatitis"), which substantially limits one or more major life activities, including but not limited to: (1) the function of the immune system; (2) the function of the pancreas, an organ within the digestive system; (3) caring for oneself; (4) eating; (5) sleeping; (6) concentrating; and/or (7) working.

16.     Mr. McLamb has a record of an impairment, pancreatitis, which substantially limited one or more major life activities.

17.     Defendant subjected Mr. McLamb to an adverse employment action, termination, because of his actual or perceived impairment, recurrent pancreatitis (his "pancreatitis").

DISPARATE TREATMENT CLAIM

18.     Defendant subjected Mr. McLamb to an adverse employment action, termination, on the basis of disability.

        A.     In or around 2000, Defendant hired Mr. McLamb as a deckhand.

        B.     At all relevant times, Mr. McLamb has been an able-bodied seaman.

C.      At all relevant times, Mr. McLamb has had a valid medical certificate from the U.S. Coast Guard.

D.      Mr. McLamb has had pancreatitis since at least 2005.

E.      Defendant has known that Mr. McLamb has had pancreatitis since at least 2005.

F.      Mr. McLamb was at all relevant times able to perform the essential functions of his position when his impairment, pancreatitis, was inactive.

G.      Mr. McLamb was at all relevant times able to perform the essential functions of his position when his impairment, pancreatitis, was active.

H.      Mr. McLamb's impairment, pancreatitis, never required any of Defendant's vessels to "sail short."

I.      Mr. McLamb became sick while aboard the M/V CLAIRE CANDIES on or about December 1, 2014.

J.      There was no medical evidence that Mr. McLamb became sick because of his pancreatitis on or about December 1, 2014.

K.      Mr. McLamb recovered on or about December 2, 2014.

L.      Defendant removed Mr. McLamb from the M/V CLAIRE CANDIES on or about December 2, 2014, even though Mr. McLamb informed Defendant that he had recovered.

M.      Defendant did not rely on any medical judgment when it determined that Mr. McLamb's pancreatitis was the reason he had become sick on or about December 1, 2014, while aboard the M/V CLAIRE CANDIES.

N.      Defendant did not rely on any medical judgment when it decided to remove Mr. McLamb from the M/V CLAIRE CANDIES on or about December 2, 2014.

O.      Defendant did not rely on any objective evidence when it decided to remove Mr. McLamb from the M/V CLAIRE CANDIES on or about December 2, 2014. Defendant assumed, baselessly, that this illness was caused by Mr. McLamb's pancreatitis.

P.      Defendant informed Mr. McLamb on or about December 2, 2014, that he would need to provide a release from his doctor to return to work.

Q.      Mr. McLamb provided Defendant with a release from his doctor on or about December 5, 2014.

R.      The release indicated that Mr. McLamb was cleared to work without restrictions.

S.      Defendant informed Mr. McLamb on or about December 18, 2014 that it was terminating him.

T.      Defendant informed Mr. McLamb its reason for terminating him was his impairment, pancreatitis.

U.      Defendant did not rely on any medical judgment when it decided to terminate Mr. McLamb.

V.      Defendant did not have any reason to believe when it decided to terminate Mr. McLamb that his impairment, pancreatitis, had or would become more limiting than it had been since he was originally hired.

19.     The effect of the practices complained of above has been to deprive Mr. McLamb of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

20.     The unlawful employment practices complained of above were intentional.

21.     Defendant acted with malice and reckless indifference to the federally protected rights of Mr. McLamb when it engaged in the unlawful employment practices complained of above.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Mr. McLamb, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.     Order Defendant to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

E.     Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-8(c).

F.      Order Defendant to make whole Mr. McLamb by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

G.      Order Defendant to make whole Mr. McLamb by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

H.      Order Defendant to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that are triable by jury.

Respectfully submitted,

**James L. Lee**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Gwendolyn Young Reams**
Associate General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (713) 651-4970
Fax: (713) 651-4995
Texas Bar No. 19523560

**Gregory T. Juge**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 676-8239
Fax: (504) 595-2886
Louisiana Bar No. 20890

 /s/ Andrew B. Kingsley
**Andrew B. Kingsley**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

COUNSEL FOR U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Otto B. Candies, III
17271 Highway 90
Des Allemands, LA 70030