## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, | CIVIL ACTION NO. 17-9584 |
| v. | DISTRICT JUDGE LANCE M. AFRICK |
| OTTO CANDIES, LLC, DEFENDANT. | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

### CONSENT DECREE

#### INTRODUCTION

Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against Defendant, Otto Candies, LLC. The EEOC's Complaint alleges that Otto Candies, LLC violated Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 when it discriminated against Shawn McLamb on the basis of disability. (*See* Rec. Doc. 1.) Otto Candies, LLC filed an answer, denying liability. The Complaint arises from Mr. McLamb's Charge of Discrimination ("Charge"), alleging the same. Prior to filing its Complaint, the EEOC issued a Letter of Determination ("Determination"), stating that there was reasonable cause to believe that Otto Candies, LLC had discriminated against Mr. Mc. Lamb. It issued a Notice of Conciliation Failure after it was unable to secure a resolution acceptable to the EEOC.

#### JURISDICTION & VENUE

Neither this Consent Decree nor the payment to Mr. McLamb under this Decree constitutes an admission of liability by Otto Candies, LLC. In the interest of avoiding the costs, uncertainties, and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

1

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343 and § 1345. This action is authorized and was instituted pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, venue lies within this Court pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3). The parties agree that this Court has personal jurisdiction over them. Otto Candies, LLC expressly agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is ordered, adjudged, and decreed:

### DURATION

1.     This Consent Decree will remain in effect for a period of two (2) years from the date of its entry. The EEOC may seek relief from the Court for a breach of the Decree at any time during that period or in the six (6) months following it.

### GENERAL

2.     This Decree resolves all claims and issues raised in Mr. McLamb's Charge, the EEOC's Determination regarding that Charge, and the EEOC's Complaint in this action, and the EEOC waives all those claims and issues. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Otto Candies, LLC.

2

3.     The EEOC and Otto Candies, LLC must bear their own attorneys' fees and costs incurred in connection with this action.

4.     This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree.

5.     This Consent Decree constitutes the complete understanding between the EEOC and Otto Candies, LLC with regard to the matters discussed herein.

6.     If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the EEOC and Otto Candies, LLC must attempt to meet and confer in good faith to decide if and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

7.     The EEOC and Otto Candies, LLC agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if the parties have consented in writing or if it is in the interest of fairness and justice to achieve the objectives of the Decree. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend the Decree.

8.     Definitions.

   A.     "Otto Candies, LLC" or "Defendant" means and refers to the Defendant, Otto Candies, LLC, and its predecessors, successors and assigns, and agents.

   B.     "EEOC" or "Plaintiff" means the Plaintiff, U.S. Equal Employment Opportunity Commission, an agency of the United States.

   C.     "Charge" or "Charge of Discrimination" means Mr. McLamb's Charge of Discrimination, EEOC Charge No. 425-2015-00382.

D.      "Mr. McLamb" means Shawn McLamb and any person who may have rights through McLamb.

E.      "Days" means calendar—not business—days.

F.      "Effective Date" means the date the Court enters this Decree.

G.      "Court" refers to the United States District Court for the Eastern District of Louisiana.

H.      "Consent Decree" and "Decree" are used interchangeably.

I.      "Liaison" means the representative appointed by Otto Candies, LLC to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

SCOPE

9.      This Decree applies to all facilities owned, operated, or controlled by Otto Candies, LLC.

PROHIBITED DISCRIMINATION & RETALIATION

10.      While this Consent Decree is in effect, Otto Candies, LLC is hereby enjoined from any and all conduct violating the ADA, including but not limited to:

A.      Conducting medical examinations regarding its employees and/or applicants physical and/or mental impairments based on their actual and/or perceived physical and/or mental impairments that are not job-related and consistent with business necessity.

B.      Making medical inquiries regarding its employees and/or applicants based on their actual and/or perceived physical and/or mental impairments that are not job-related and consistent with business necessity.

C.      Discriminating against its employees and/or applicants because of their actual disabilities, including by unlawfully placing them on forced leave or discharging them.

4

D.    Discriminating against its employees and/or applicants with disabilities by refusing to make reasonable accommodations.

E.    Discriminating against its employees and/or applicants because it knows or has reason to know that employees and/or or applicants with disabilities need or might need reasonable accommodations.

F.    Failing or refusing to allow its employees and/or applicants to provide medical evidence relating to whether those employees and/or applicants are qualified.

G.    Failing or refusing to consider any medical evidence provided by an employee or applicant—or an employee's or applicant's licensed health care provider—when considering whether an employee or applicant is qualified.

H.    Determining that an employee or applicant is not qualified because of a physical or mental impairment without considering medical evidence from any licensed health care provider and/or the best available objective evidence.

I.    Retaliating against any employee or applicant who (1) has filed or files this or any other charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation by the EEOC.

MONETARY RELIEF

11.    Otto Candies, LLC agrees to pay Mr. McLamb $165,000 ($50,000 of which will be subject to withholdings), by cashier's check, within fifteen (15) days of the entry of this Consent

5

Decree or within fifteen (15) days of Otto Candies, LLC receiving a release and U.S. Internal Revenue Service ("IRS") Form W9executed by Mr. McLamb, whichever is later. Otto Candies, LLC must timely report the payment to the IRS via Forms 1099 and W2, as necessary and appropriate.

12.     Otto Candies, LLC must submit a copy of the check to the EEOC within fifteen (15) days of submission of the payment(s) in the manner specified for notice under this Decree.

NON-MONETARY RELIEF

13.     Otto Candies, LLC must provide Mr. McLamb with the written job recommendation—attached hereto as Exhibit B—within 30 days of the entry of this Decree.

14.     When asked for a job reference regarding Mr. McLamb, Otto Candies, LLC must not discuss, mention, or allude in any way—directly or indirectly—to Mr. McLamb's filing of the Charge or engaging in any activity protected by law, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this Decree.

15.     Otto Candies, LLC must exclude from Mr. McLamb' personnel file, segregate, and keep confidential all documents, records, and information, whether electronic or otherwise, regarding Mr. McLamb's filing of the Charge, the Charge itself, the EEOC's investigation of the Charge, the EEOC's Complaint, or this Decree. Otto Candies, LLC must alter Mr. McLamb's personnel file to indicate Mr. McLamb resigned, not that he was discharged.

LIAISON

16.     Otto Candies, LLC must designate a Liaison within 15 days of the entry of this Decree. The Liaison must be an officer of Otto Candies, LLC who possesses the knowledge, capability, and resources to monitor Otto Candies, LLC's compliance with the terms and conditions of the Consent Decree.

6

17.     Otto Candies, LLC must assign to the Liaison the responsibility of ensuring it complies with the Decree. The Liaison must have the authority to act on behalf of Otto Candies, LLC with regard to the Consent Decree. Any act or failure to act by the Liaison will be attributable to Otto Candies, LLC.

18.     The Liaison must report to and be supervised by the president—or equivalent—of Otto Candies, LLC.

19.     Otto Candies, LLC must appoint a replacement Liaison within 15 days of the removal, resignation, or incapacitation of that—or any subsequent—Liaison.

20.     Upon appointing an initial or a replacement Liaison, Otto Candies, LLC must provide notice to the EEOC within 15 days identifying the newly appointed Liaison's name, mailing address, e-mail address, telephone number, job title, work experience, education and training.

GENERAL REPORT

21.     During the duration of this Consent Decree, Otto Candies, LLC must, through its Liaison, provide a General Report annually. The General Report must describe how Otto Candies, LLC has complied with the Decree and contain supporting evidence. If Otto Candies, LLC has failed to comply with the terms and conditions of the Decree, it must explain why it has not complied and provide a plan for remedying its failure to comply. But, by explaining why it has not complied, Otto Candies, LLC does not prevent the EEOC from moving to enforce the Decree for its failure to comply.

22.     The first General Report, for the year 2018, is due one hundred twenty (120) days after the entry of the Decree.

23.     The second General Report, for the year 2019, is due one hundred twenty (120) days before the first anniversary of the entry of the Decree.

7

24.     The third General Report, for the year 2020, is due sixty (60) days before the expiration of the Decree.

LIAISON TRAINING

25.     In addition to other specified training obligations set forth in this Decree, Otto Candies, LLC must provide each Liaison with at least two (2) hours of training, which must cover the terms and conditions of this Decree and how to ensure that Otto Candies, LLC complies with those terms and conditions, and how to prepare and submit each of the reports required under this Decree.

26.     Otto Candies, LLC, through its Liaison, must submit to the EEOC the identity of the trainer and the outline and materials for the training at least thirty (30) days after the Liaison is appointed. It must do so pursuant to procedures for providing notice under this Decree. The EEOC then has fifteen (15) days to reject the trainer or the outline and materials. Unless the EEOC agrees otherwise, the trainer must be an attorney with at least five (5) years of experience handling employment discrimination matters.  If the EEOC rejects the trainer or the outlines and materials, Otto Candies, LLC, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within fifteen (15) days, pursuant to procedures for providing notice under this Decree. Liaison training must take place no later than thirty (30) days following (a) the expiration of the period by which the EEOC must reject the trainer, outline, or materials; or (b) the EEOC's approval of the proposed trainer, outline, and materials, whichever occurs first.

LIAISON TRAINING REPORT

27.     Within fifteen (15) days of the Liaison training, Otto Candies, LLC, through its Liaison, must submit a Liaison Training Report to the EEOC, describing the training and containing supporting documentation.

28.     The Liaison Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of any Liaison who attended each training.

29.     The Liaison Training Report must further contain an executed declaration by the Liaison that the Liaison attended the training and the date, time, and place of attendance. Any Liaison Training Report must likewise include a declaration by Otto Candies, LLC, through its Liaison, attesting to its accuracy.

EMPLOYEE TRAINING

30.     Otto Candies, LLC, through its Liaison, must provide each of its employees, including supervisors, at least once per year while this Consent Decree is in effect, at least one (1) hour training regarding equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under the ADA. Each training session hereunder must include training regarding:

      A.     The purpose and fundamentals of the ADA.

      B.     Otto Candies, LLC's duties under the ADA.

      C.     Otto Candies, LLC's procedures for granting or denying a request for a reasonable accommodation.

      D.     EEOC guidance on ADA and its administration.

31.     All such training must be in person.

32.     The first employee training must occur within one hundred fifty (150) days after Otto Candies, LLC completes its Liaison training.

33.     The second training must occur at least one hundred fifty (150) days before the first anniversary of the entry of the Consent Decree.

34.     The third training must occur sixty (60) days before the expiration of the Decree.

35.     Otto Candies, LLC, through its Liaison, must submit to the EEOC, using the procedures for providing notice under this Decree, the identity of the trainer and the outline and materials for the training at least sixty (60) days prior to each training. The EEOC then has thirty (30) days to reject the trainer or the outline and materials. If the EEOC rejects the trainer, outlines, or materials within the thirty (30) day period, Otto Candies, LLC, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within fifteen (15) days. The EEOC's failure to reject the trainer, materials, or outline within the thirty (30) day period shall be deemed as an acceptance of the trainer, outline, and materials.  Unless the EEOC agrees otherwise, the trainer must be an attorney or human resources professional with at least five (5) years of experience handling equal employment opportunity matters.

EMPLOYEE TRAINING REPORT

36.     Otto Candies, LLC, through its Liaison, must submit an Employee Training Report to the EEOC, describing the training and containing supporting documentation, within fifteen (15) days of each such training. The Employee Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of the employees who attended each training. The Employee Training Report must further contain an executed declaration by each employee that they attended the training (such a declaration may be in the form of a sign-in registry). The Employee Training Report

10

must likewise include a declaration by Otto Candies, LLC, through its Liaison, attesting to its accuracy.

ANTI-DISCRIMINATION POLICY

37.    Within ninety (90) days from the entry of this Decree, and to the extent it does not otherwise have such a policy, Otto Candies, LLC must adopt an anti-discrimination policy that, at a minimum, meets the following criteria:

A.    Prohibits discrimination against any employee and/or applicant on the basis of disability in violation of the ADA.

B.    Prohibits any act, policy, or practice that has the effect of discriminating against any employee and/or applicant on the basis of disability in violation of the ADA.

C.    Provides immediate notice in writing to any employee and/or applicant who reports discrimination and any employee and/or applicant reported to be the victim of discrimination of the victim's right to file a charge of discrimination with the EEOC and provides such an employee and/or applicant with the telephone number, address, e-mail address, and website address of the EEOC's New Orleans Field Office.

D.    Provides a process for reporting and/or complaining about discrimination and/or retaliation prohibited by the ADA and a process for requesting reasonable accommodations under the ADA.

E.    Provides that anyone who engages in retaliation prohibited by the ADA will be disciplined, up to and including discharge.

38.    During the operation of this Decree, the General Report to the EEOC must describe the implementation of (and, if necessary, any subsequent alteration of) its anti-discrimination policy and must contain supporting documentation, including the anti-discrimination policy itself.

11

39.     Further, during the operation of this Decree, the General Report to the EEOC must describe any complaint of disability discrimination and/or retaliation—whether formal or informal and whether written or oral—or investigation made under the anti-discrimination policy, any violation found as a result of such a report or investigation, and any discipline taken and must likewise provide all supporting documentation.

RECORDS

40.     During the operation of this Decree, Otto Candies, LLC must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

41.     During the operation of this Decree, Otto Candies, LLC must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

42.     Otto Candies, LLC must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and/or the ADA and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

NOTICES

43.     All notices, reports, and information to the EEOC required under this Decree—including but not limited to the General Reports, Liaison Training Reports and Employee Training Reports—must be submitted to the EEOC in an email sent to **all** of the following email addresses:

12

andrew.kingsley@eeoc.gov
michelle.butler@eeoc.gov
gregory.juge@eeoc.gov

In addition, these may be submitted to the EEOC via certified United States mail at the following address:

Attn: Legal Unit
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building 500 Poydras St., Suite 809
New Orleans, LA 70130

44.     Any notices for Otto Candies, LLC shall be sent to :

Robert J. David, Jr.
Juneau David, APLC
Post Office Drawer 51268
Lafayette, LA 70505-1268

45.     Only an acknowledgment from the EEOC via regular United States mail or by email constitutes proof of receipt of such notices, reports, or information.

46.     The EEOC may, from time to time, designate others to receive notices, reports, and information under this Decree.

MISCELLANEOUS

47.     Otto Candies, LLC must post a Notice to Employees—attached hereto as Exhibit A—on its premises within ten (10) days of the entry of this Decree. The Notice to Employees must be enlarged to at least eleven (11) by seventeen (17) inches, and it must be posted conspicuously where other notices to applicants and employees are customarily posted. It must remain there for at least two (2) years from the entry of this Decree. The Liaison must ensure that this obligation is met.

13

In New Orleans, Louisiana, this _____ day of _____ , 2018.


_____
HON. LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

NOTICE TO EMPLOYEES

1.        Discrimination against an employee on the basis of disability can violate federal law, specifically the Americans with Disabilities Act, as amended (ADA). Federal law prohibits an employer from discriminating against an employee on the basis of disability and also requires that an employer maintain an environment in which other employees do not discriminate on such basis. Federal law further prohibits an employer from retaliating against an employee who, in good faith, reports that their employer discriminated on such basis, who reports that their employer allowed others to discriminate on such basis, who files a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), or who participates in the investigation or prosecution of such a charge.

2.        Otto Candies, LLC will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation against any employee for reporting such discrimination. Such discrimination can violate both federal law and Otto Candies, LLC's anti-discrimination policy. Any employee who violates the law and policy will be subject to substantial discipline, up to and including termination.

3.        The posting of this Notice to Employees by Otto Candies, LLC does not constitute an admission of any liability under federal law.

If you believe you or another employee have been discriminated against on the basis of your disability, please contact the EEOC:

> Attn: Legal Unit
> U.S. Equal Employment Opportunity Commission
> 500 Poydras Street, Suite 809
> New Orleans, LA 70130
> Telephone: 504-595-2879

15

E-mail: andrew.kingsley@eeoc.gov
Website: www.eeoc.gov

You may also report your concerns using the procedures set forth in Otto Candies, LLC's policy against discrimination.

This Notice to Employees must remain posted continuously by Otto Candies, LLC for two (2) years from the date below. This Notice to Employees must not be altered, defaced, removed, or covered.

This _____ day of _____ , 2018.

16

**EXHIBIT B**

REFERENCE LETTER

To Whom It May Concern:

Mr. McLamb was employed with Otto Candies, LLC as a deck hand from

_____ until _____ . He satisfactorily performed his job duties and,

consequently, Otto Candies, LLC recommends him for similar positions in the future.

Sincerely,

17